**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| THOMAS JOSEPH CONNORS, | Case No. SACV 08-00843-VAP (MLG) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE REMEDIES |
| v. | |
| JOHN MARSHALL, WARDEN, | |
| Respondent. | |

Petitioner filed this petition for writ of habeas corpus on July 30, 2008. The petition challenges Petitioner's conviction in the Orange County Superior Court of two counts of possession for sale of a controlled substances, along with a number of sentencing enhancements. Cal. Health & Safety Code §§ 11378, 11379, 11370(a), Cal. Penal Code §§ 667(a) and (b). Petitioner was sentenced to 12 years imprisonment on January 27, 2006. Petitioner's convictions were affirmed on direct appeal by the California Court of Appeal on June 1, 2007, but for the award of additional sentence credits. The California Supreme Court denied an application for review on August 8, 2007. This petition followed.

Petitioner raises nine grounds for relief. However, a review of the petition reveals that Petitioner has apparently not raised any of the claims presented here in the California Supreme Court, by way of the application for review or a petition for writ of habeas corpus. The only issue that may have been exhausted is a claim relating to the unlawful imposition of an upper term sentence based upon facts found without a jury determination, in contravention of the decision in *Cunningham v. California*, 127 S. Ct. 856 (2007). However, that claim has not clearly been raised in the petition currently before the Court. Petitioner acknowledges that the claims are unexhausted, and notes that on July 23, 2008, contemporaneously with the filing of this petition, he filed a petition for writ of habeas corpus in the California Supreme Court, raising the same nine claims presented here. (Petition, p. 4).

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies as to all of the claims in the petition. 28 U.S.C. § 2254(b)-(c), *Cook v. Schiro*, 516 F.3d 802, 826 (9th Cir. 2008). The exhaustion requirement "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001)). Each federal constitutional claim must be presented to the state supreme court even if that court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667-68 (9th Cir. 2005). Such a requirement affords state courts an opportunity

to consider and correct any violation of federal law, thus demonstrating respect for our dual judicial system while also providing a complete record of a petitioner's federal claim as litigated in the state system. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Under certain circumstances, the Court may stay an unexhausted petition and hold it in abeyance pending completion of proceedings in the state courts. *Rhines v. Weber,* 125 S.Ct. 1528, 1535 (2005). The Supreme Court has limited the availability of this procedure, finding "stay-and-abey" appropriate only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and holding that it should not be employed "when his unexhausted claims are plainly meritless." Moreover, in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court held that, to avoid running the risk of finding out too late that his state proceeding did not toll the one-year statute of limitations under § 2244(d)(2), a petitioner could "fil[e] a 'protective' petition in federal court and ask [ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citing *Rhines*).

By not indicating that this tactic is only available if the "protective" petition is also a "mixed" petition, the Court implies that stay and abeyance is available irrespective of whether any of the petitioner's claims have been exhausted. In the absence of a more definitive statement, however, this court is bound by a Ninth Circuit decision issued subsequent to both *Rhines* and *Pace*. See *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). In *Rasberry*, the court of appeals expressly declined to extend the rule in *Rhines* to

3

petitions containing only unexhausted claims. *Id*. Thus, before conducting the *Rhines* analysis, this court must determine whether this petition contains at least one exhausted claim.

Because it appears that Petitioner did not present any of the claims presented in this petition to the California Supreme Court, the Court is not presented with a mixed petition and the stay and abey procedure is unavailable. The petition is therefore subject to dismissal. However, because it is possible that one of the claims was exhausted, Petitioner will be given the opportunity to address that issue. Accordingly, it is ORDERED the petitioner show cause, on or before August 25, 2008, why this petition should not be dismissed without prejudice for failure to exhaust state remedies.

**If petitioner does not file a timely response to this order, the current petition will be subject to dismissal without prejudice and without further notice.**

Dated: August 4, 2008

_____
Marc L. Goldman
United States Magistrate Judge