O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| THOMAS JOSEPH CONNORS, | Case No. SACV 08-00843-VAP (MLG) |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| v. | |
| JOHN MARSHALL, WARDEN, | |
| Respondent. | |

Petitioner filed this petition for writ of habeas corpus on July 30, 2008. The petition challenges Petitioner's conviction in the Orange County Superior Court of two counts of possession for sale of a controlled substances, along with true findings on a number of sentencing enhancements. Cal. Health & Safety Code §§ 11378, 11379, 11370(a), Cal. Penal Code §§ 667(a) and (b). Petitioner was sentenced to 12 years imprisonment on January 27, 2006.

Petitioner's convictions were affirmed on direct appeal by the California Court of Appeal on June 1, 2007, but for an award of additional sentence credits. The California Supreme Court denied an application for review on August 8, 2007. This petition followed.

//

Petitioner raises nine grounds for relief. However, a review of the petition reveals that Petitioner has not raised any of the claims presented here in the California Supreme Court, by way of the application for review or a petition for writ of habeas corpus. Petitioner acknowledges in the petition that the claims are unexhausted, and notes that on July 23, 2008, contemporaneous with the filing of this petition, he filed a petition for writ of habeas corpus in the California Supreme Court, raising the same nine claims presented here. (Petition, p. 4).

On August 4, 2008, Magistrate Judge Marc L. Goldman issued an order directing Petitioner to show cause why the petition should not be dismissed.[1] Petitioner filed a response to the order on August 22, 2008. In that response, Petitioner again acknowledges that the claims presented in the current petition are not exhausted. He also recognizes that a petition like this one, containing no exhausted claims, must ordinarily be dismissed. Notwithstanding, Petitioner presents arguments involving equitable tolling and state created impediments to direct appellate review, as well as complaints about his appellate attorney. In addition, he poses questions for the Ninth Circuit to answer regarding procedural barriers which he perceives are obstructing his right to habeas corpus review. However, he does

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas corpus petition, *before the respondent files an answer,* "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "[A] dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). Before acting on its own initiative to dismiss a petition, the Court must accord the petitioner an opportunity to present his position on the dispositive issue. *Day v. McDonough,* 126 S.Ct. 1675, 1683-84 (2006).

2

not present any cogent argument regarding why the failure to exhaust in the state courts any of the claims presented here should be excused.

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies as to all of the claims in the petition. 28 U.S.C. § 2254(b)-(c), *Cook v. Schiro*, 516 F.3d 802, 826 (9th Cir. 2008). The exhaustion requirement "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001)). Each federal constitutional claim must be presented to the state supreme court even if that court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667-68 (9th Cir. 2005). Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus demonstrating respect for our dual judicial system while also providing a complete record of a petitioner's federal claim as litigated in the state system. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Under certain circumstances, the Court may stay an unexhausted petition and hold it in abeyance pending completion of proceedings in the state courts. *Rhines v. Weber,* 125 S.Ct. 1528, 1535 (2005). The Supreme Court has limited the availability of this procedure, finding "stay-and-abey" appropriate only "when the district court determines there was good cause for the petitioner's failure to

1  exhaust his claims first in state court" and holding that it should
2  not be employed "when his unexhausted claims are plainly meritless."
3  Moreover, in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme
4  Court held that, to avoid running the risk of finding out too late
5  that his state proceeding did not toll the one-year statute of
6  limitations under § 2244(d)(2), a petitioner could "fil[e] a
7  'protective' petition in federal court and ask [ ] the federal court
8  to stay and abey the federal habeas proceedings until state remedies
9  are exhausted." 544 U.S. at 416 (citing *Rhines*).

10    However, in *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.
11  2006), decided after both *Rhines* and *Pace,* the Ninth Circuit
12  expressly declined to extend the rule in *Rhines* to petitions
13  containing only unexhausted claims. *Id*. "Once a district court
14  determines that a habeas petition contains only unexhausted claims,
15  it need not inquire further as to the petitioner's intentions.
16  Instead, it may simply dismiss the habeas petition for failure to
17  exhaust." *Raspberry,* 448 F.3d at 1154.
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

Here, Petitioner explicitly acknowledges that he did not present any of the claims presented in this petition to the California Supreme Court. The Court is not presented with a mixed petition and the stay and abey procedure is unavailable. The petition must therefore be dismissed without prejudice.

**It is so ORDERED.**

Dated: August 26, 2008

_____
Virginia A. Phillips
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge